**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Above and Beyond Business Tools and Services for Entrepreneurs Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Shan Abbasi,<br><br>Defendant. | No. CV-23-00255-PHX-JJT<br><br>**ORDER** |

At issue is PayCompass, LLC's Motion to Seal, entitled "Motion to Request the Court's Permission to Lodge and File Certain Documents with the Court under Confidential Seal, which Non-Party PayCompass Sent Off-Record to Fend Off the NJ Motion to Compel Last February 2022" (Doc. 15).

This filing is emblematic of many if not all of the filings by counsel for PayCompass in this matter, which are substantially unintelligible and replete with defects.

First, although PayCompass appears to be asking to file documents under seal, the Motion was not filed in conjunction with any other request of the Court, and PayCompass does not explain why it wishes to file the underlying documents at all. Filing or lodging documents—whether under seal or not—that make no request of the Court and contain no intelligible explanation as to their purpose will not be reviewed. Thus, PayCompass's request to file random documents under seal will be denied as moot.

Second, even if the Court knew what the underlying documents were for or associated with, PayCompass's motion to file documents under seal is deficient because it

contains no citation to relevant legal authority or argument as to how PayCompass satisfies the relevant legal rules. The applicable rules are as follows: In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related to the merits" of a case, the party seeking to seal the document must demonstrate "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at 1103.

PayCompass does not demonstrate whether the documents are "more than tangentially related to the case" because it does not even state why it is filing the documents in this Court. And PayCompass does not intelligibly give sufficient "compelling reasons" for the Court to keep the documents under seal; indeed, simply because a document is covered by a protective order does not automatically permit a party to file it under seal in Court. *See Ctr. for Auto Safety*, 809 F.3d at 1101. The Court will deny the Motion for these additional reasons.

**IT IS THEREFORE ORDERED** denying PayCompass, LLC's "Motion to Request the Court's Permission to Lodge and File Certain Documents with the Court under Confidential Seal, which Non-Party PayCompass Sent Off-Record to Fend Off the NJ Motion to Compel Last February 2022" (Doc. 15).

Dated this 7th day of April, 2023.

Honorable John J. Tuchi
United States District Judge