**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Above and Beyond Business Tools and Services for Entrepreneurs Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Shan Abbasi,<br><br>Defendant. | No. CV-23-00255-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Above and Beyond Business Tools and Services for Entrepreneurs, Inc.'s LRCiv 42.1(a) Motion to Transfer Case (Doc. 45, Mot.).

Federal Rule of Civil Procedure 42(a) provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Similarly, Local Rule 42.1(a) provides that the Court may order the transfer of a case such that cases pending before different Judges may be heard by a single judge if the cases: "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; . . . (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by difference Judges."

In its Motion, Plaintiff contends that it is Plaintiff in a new matter, MC-23-00006-PHX-DJH, as well as the present matter and another matter pending before the undersigned, CV-23-00256-PHX-JJT, and that all three cases involve common events,

warranting transfer of the new matter to the undersigned. Plaintiff asserts that all three cases arise from subpoenas *duces tecum* seeking information for similar underlying claims in lawsuits in the District of New Jersey. (Mot. at 3.)

The similarity ends there. While in all three cases, Plaintiff seeks information from PayCompass, LLC, the subpoenas *duces tecum* in the two matters before the undersigned were served 14 months ago, and PayCompass never timely objected to them. After Plaintiff filed a motion to compel and PayCompass finally appeared six months later to oppose it, the Court ordered compliance with the subpoenas *duces tecum*, which PayCompass has thus far failed to achieve. As a result, in the actions before the undersigned, the Court is principally concerned with enforcing its Orders and entering sanctions on PayCompass for noncompliance.

The new matter, MC-23-00006-PHX-DJH, is in a substantially different posture. It concerns a subpoena *duces tecum* served in the last month, and it appears timely and substantive objections have been made, not by PayCompass, but by its employee, Ira Cornelius, who is represented by different counsel than PayCompass. The new matter thus concerns a different subject—the substantive objections to the new subpoena *duces tecum* made by an employee, not PayCompass—and is on an entirely different timeline. Because it calls for the resolution of different questions of law, the risks of duplicated effort or conflicting decisions are minimal.

**IT IS THEREFORE ORDERED** denying Plaintiff Above and Beyond Business Tools and Services for Entrepreneurs, Inc.'s LRCiv 42.1(a) Motion to Transfer Case (Doc. 45).

Dated this 7th day of April, 2023.

Honorable John J. Tuchi
United States District Judge